SUMMARY ORDER
Plaintiff-appellant appeals a September 29, 2008, 2008 WL 4449382, judgment of the District Court entered after a jury returned a verdict in favor of defendants. *609 Plaintiff brought this action under 42 U.S.C. § 1983 alleging that defendants violated the U.S. Constitution and New York law by removing her five children and three grandchildren from her custody without a court order and by pursuing an abuse and neglect petition against plaintiff in the Family Court of the State of New York.
On appeal, plaintiff argues that the District Court erred by (1) declining to enter judgment as a matter of law or to grant a new trial, see Fed.R.Civ.P. 50, 59; (2) granting judgment as a matter of law to defendants on plaintiffs municipal liability claim pursuant to Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); (3) granting judgment as a matter of law to defendants on plaintiffs malicious prosecution claim; and (4) declining to permit plaintiffs expert witness to testify.
First, after a careful review of the trial record, we agree with the District Court’s decision not to grant judgment as a matter of law to plaintiff. “We review a district court’s ruling on a Rule 50 motion de novo, and apply the same standard used by the district court below.” Cobb v. Pozzi, 363 F.3d 89, 101 (2d Cir.2004). We affirm the judgment entered by the District Court because there was a “legally sufficient evidentiary basis for a reasonable jury to find” for defendants on all issues. Id. (internal quotation marks omitted). We also agree with the District Court’s decision not to grant a new trial because we do not conclude that the jury “reached a seriously erroneous result” or that its verdict was “a miscarriage of justice.” Nimely v. City of New York, 414 F.3d 381, 392 (2d Cir.2005) (internal quotation marks omitted).
Second, we agree with the District Court that judgment as a matter of law for defendants was proper with respect to plaintiffs Monell claim. See Special App. 215 (Tr. 1046). Plaintiff did not provide sufficient evidence that a “policy or custom” of the City of New York caused the alleged constitutional violation. Monell, 436 U.S. at 694, 98 S.Ct. 2018.
Third, we agree with the District Court that judgment as a matter of law for defendants was proper with respect to plaintiffs malicious prosecution claim. Plaintiff did not provide evidence from which a reasonable jury could infer that the Family Court proceedings were “begun in malice,” a necessary element of a malicious prosecution claim. See, e.g., Engel v. CBS, Inc., 182 F.3d 124, 131 (2d Cir.1999) (per curiam).
Finally, we review for abuse of discretion the District Court’s decision not to allow plaintiffs expert to testify. Nimely, 414 F.3d at 393. “A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.” Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (citation, alteration, and quotation marks omitted). The District Court’s decision not to permit plaintiffs expert to testify was, in the circumstances presented, well within the range of permissible decisions.
We have considered plaintiffs remaining arguments on appeal and find them to be without merit.
CONCLUSION
For the reasons set forth above, the September 29, 2008 judgment of the District Court is AFFIRMED.